IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PORSCHA GLOVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-440-CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| PULASKI STATE PRISON, | : | |
| | : | |
| Defendant | : | |

## **O R D E R**

Plaintiff Porscha Glover, an inmate at Pulaski State Prison ("PSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Along therewith, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2.) For the reasons below, Plaintiff's motion to proceed IFP cannot be granted at this time without additional information. Additionally, as explained *infra*, the Court cannot conduct a preliminary review upon Plaintiff's complaint without Plaintiff supplementing her Complaint. Thus, Plaintiff is ordered to submit a supplemental complaint within twenty-one (21) days of this Order.

### DISCUSSION

**I.    Plaintiff's Motion to Proceed IFP**

The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). A prisoner seeking to proceed without prepayment of the fee must submit both an *in forma pauperis* application and a certified copy of the trust fund account statement (or institutional

equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Although Plaintiff has submitted an *in forma pauperis* application (ECF No. 2), she has failed to provide the Court with a certified copy of her inmate account statement for the past six months. Hence, the Court does not have sufficient information to determine whether Plaintiff may proceed *in forma pauperis* and, if so, the amount of any initial partial filing fee. Should Plaintiff choose to proceed with this action, she must submit a certified copy of her trust fund account statement for the last six months (or, if shorter, the time that Plaintiff has been confined at PSP).

## II.     Order to Supplement

Plaintiff complains about the sanitation in her cell. Specifically, she alleges that on July 16, 2011, the toilet in her cell backed up and raw sewage came out through it. Plaintiff states that she and her cellmate were forced to use the toilet without flushing it and to sleep in the cell with sewage in the toilet for six days. Plaintiff allegedly complained to Officers Harrell and Powell, each of whom said she would notify her supervisor. Plaintiff further states that she was provided no cleaning products to disinfect her cell. In a subsequent letter to the Court (ECF No. 5), Plaintiff complains of a second incident in which sewage came through the sink.

Although Plaintiff may have set forth a colorable claim, her only named Defendant, Pulaski State Prison, is not a suable entity. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2

(S.D.Ga. Apr.1, 2009) (state prison has no independent legal existence and is not suable under section 1983).  As noted above, Plaintiff mentions Officers Harrell and Powell in the statement of claim section of her complaint.  The Court, however, will not construe Plaintiff's complaint to include these officers as defendants.  Because Plaintiff is proceeding *pro se*, the Court will give her an opportunity to amend her complaint to name responsible Defendants[1] and to state the specific actions or inactions of <u>each</u> named defendant that violated Plaintiff's constitutional rights.  Plaintiff should also state what, if any, harm she suffered as a result of the allegedly unconstitutional conditions.  Plaintiff shall have twenty-one (21) days from the date of this Order to submit a supplemental complaint.

## CONCLUSION

For the reasons explained above, Plaintiff shall supplement her Complaint within twenty-one (21) days.  She must also file a certified copy of her trust fund account statement within that same time period.  If Plaintiff fails to timely and fully comply with this Order, this action shall be dismissed.  There shall be no service of process until further order of the Court.

SO ORDERED, this 21st day of November, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that an individual's merely holding a supervisory position is insufficient to find his liability because there is no *respondeat superior* liability in section 1983 actions.  *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).